JUDGE TORRES

26 CV 02834

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

United States of America ex rel.
The Tarbell Group, LLC,

Plaintiff

v.

Bravia Capital Partners, Inc., and
Unknown John or Jane Does,

Defendants

**FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)**

Case no.

# COMPLAINT

## Nature of the Case

1. Relator The Tarbell Group, LLC, brings this action for itself and the United States under the False Claims Act, 31 U.S.C. §§ 3729-3733, to recover funds illegally obtained by the defendants under federal COVID-19 relief laws.

2. Specifically, defendant Bravia Capital Partners, Inc. ("Bravia Capital"), is and was at all times pertinent hereto a private-equity company, viz., a speculative financial business, and therefore ineligible for the COVID-era Paycheck Protection Program ("PPP"). Bravia Capital, by and through and at the direction of the unknown individual defendants, nevertheless fraudulently applied for and received PPP funds, despite their knowledge of such ineligibility.

## Jurisdiction and Venue

3. The Court has jurisdiction of, and is the appropriate venue for, this matter because it arises under a federal law, because the United States is a plaintiff, and because in this judicial district defendants can be found, reside, transact business in, or committed an act proscribed by the False Claims Act. 28 U.S.C. §§ 1331, 1345; 31 U.S.C. § 3732(a).

## Parties—Defendants

4. Defendant Bravia Capital is a self-described private-equity firm.

5. On the loan applications at issue herein, Bravia Capital gave its address as 445 Park Avenue, 20th Floor, New York, NY 10022.

6. Defendants Unknown John or Jane Does (the "Agents") were at all relevant times owners, partners, directors, officers, employees, or other agents by and through whom Bravia Capital acted.

## Background

7. To provide economic relief and stimulate the economy during the COVID-19 pandemic, Congress in 2020 enacted the Coronavirus Aid, Relief, and Economic Security Act, Pub. L. 116-136, amended by, inter alia, the Paycheck Protection Program Flexibility Act of 2020, Pub. L. 116-142 and the American Rescue Plan Act of 2021, Pub. L. 117-2 (2021) (together with implementing regulations, referred to herein as the "PPP Program"). The PPP Program effectively transferred money from the federal government to eligible recipients via the U.S. Small Business Administration ("SBA"). The transfers took the form of bank loans guaranteed, forgiven and reimbursed by the SBA ("PPP Loans"). PPP Loan recipients could receive up to two loans, one in each of two tranches, each called a "draw," i.e., first-draw and second-draw PPP Loans. A recipient could receive a second-draw loan only after having obtained and lawfully expended the proceeds of a first-draw loan.

8. As a condition of receiving PPP Loans and forgiveness thereof, each applicant was required to certify its eligibility under the PPP Program.

9. The PPP Program at all times explicitly excluded from eligibility private-equity firms, finance companies, investment companies, businesses primarily engaged in investments,

hedge funds, speculative businesses, and businesses dealing in stocks, bonds, commodity futures, and other financial instruments. Bravia Capital qualifies as such, as all defendants knew.

10. The PPP Program was at all times limited to applicants who needed the funds to support their ongoing operations due to pandemic-related economic uncertainty and lacked access to other sources of liquidity. Bravia Capital did not meet those criteria.

**PPP Loans**

11. Bravia Capital applied for and received approval and forgiveness of the following PPP Loans: First-draw loan no. 7111577202, approved on April 28, 2020, in the amount of $255,000.00 and forgiven on February 17, 2021, in the amount of $257,005.07; second-draw loan no. 9316228310, approved on January 30, 2021, in the amount of $251,044.00 and forgiven on March 16, 2022, in the amount of $253,843.31.

**First Cause of Action**
**False Claims Act, 31 U.S.C. § 3729**
**PPP Loans**

12. Relator repeats and realleges each of the foregoing paragraphs.

13. Defendant Bravia Capital was ineligible to receive its PPP Loans at the time it applied and received approval for, and forgiveness of, the same.

14. Each defendant did knowingly present, or cause or be presented, a false or fraudulent claim for payment or approval, to the injury of the United States, by falsely certifying that Bravia Capital was eligible for its PPP Loans and forgiveness thereof and thereby causing it to receive the same.

15. Each defendant did knowingly make, use, or cause to be made or use, a false record or statement material to a false or fraudulent claim, to the injury of the United States, by falsely certifying that Bravia Capital was eligible for its PPP Loans and forgiveness thereof and thereby causing it to receive the same.

16. Each defendant did knowingly make, use, or cause to be made or used, a false record or statement material to, or did knowingly conceal, or did knowingly and improperly avoid or decrease, an obligation to pay or transmit money or property to the United States government, by falsely certifying that Bravia Capital was eligible for its PPP Loans and forgiveness thereof and thereby causing it to receive the same.

**Second Cause of Action**
**False Claims Act, 31 U.S.C. § 3729**
**Ineligibility Due to Lack of Economic Necessity**

17. Relator repeats and realleges each of the foregoing paragraphs.

18. Defendant Bravia Capital was ineligible to receive its PPP Loans because such funds were not necessitated by pandemic-related economic uncertainty.

19. Defendant Bravia Capital was ineligible to receive its PPP Loans because it had access to other sources of liquidity sufficient to support its ongoing operations in a manner that was not significantly detrimental to the business.

20. Each defendant did knowingly present, or cause or be presented, a false or fraudulent claim for payment or approval, to the injury of the United States, by falsely certifying that Bravia Capital was eligible for its PPP Loans and forgiveness thereof and thereby causing it to receive the same.

21. Each defendant did knowingly make, use, or cause to be made or use, a false record or statement material to a false or fraudulent claim, to the injury of the United States, by falsely certifying that Bravia Capital was eligible for its PPP Loans and forgiveness thereof and thereby causing it to receive the same.

22. Each defendant did knowingly make, use, or cause to be made or used, a false record or statement material to, or did knowingly conceal, or did knowingly and improperly avoid or decrease, an obligation to pay or transmit money or property to the United States government,

by falsely certifying that Bravia Capital was eligible for its PPP Loans and forgiveness thereof and thereby causing it to receive the same.

**Prayer for Relief**

23. WHEREFORE, Relator prays for the following relief:

a. A declaration that each defendant did violate the False Claims Act;

b. An amount thrice the amount of PPP Loans and interest forgiven or otherwise not repaid with respect to the corporate defendants, lending fees paid by the SBA, foregone interest, and all other damages suffered by the United States government, plus civil penalties and applicable interest, under 31 U.S.C. § 3729(a)(1);

c. The cost of this civil action under 31 U.S.C. § 3729(a)(3);

d. An award to relator, including its reasonable expenses, attorneys' fees, and costs, under 31 U.S.C. § 3730(d)(1) or (2), as applicable; and

e. Such other and further relief as may be just and proper.

**Demand for Jury Trial**

24. Relator demands a trial by jury.

Respectfully submitted,

Bruce Ellis Fein

Bruce Ellis Fein
*Pro hac vice* admission pending
Bruce Ellis Fein, PLLC
P.O. Box 506
Great Falls, VA 22066
bruce@newdream.net
703-248-0390
*Attorney for Relator The Tarbell Group, LLC*